IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANTHONY MORRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-890-SLR |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| and JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

Anthony Morris. Pro se petitioner.

Maria Knoll, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

MEMORANDUM OPINION

August 17, 2011
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is Anthony Morris' ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 2) For the reasons that follow, the court will grant the State's motion to dismiss petitioner's § 2254 application as time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On July 1, 1999, a Delaware Superior Court jury convicted petitioner of delivery of cocaine, resisting arrest, and disorderly conduct. (D.I. 1, Exh. A at Dkt. Entry No. 22) He was sentenced to a total of eight (8) years six (6) months imprisonment, suspended after one (1) year and successful completion of boot camp for varying levels of probation. (D.I. 1, Exh. B) Petitioner did not file a direct appeal.

The record reveals that petitioner filled a motion for modification of sentence on October 15, 1999, which the Superior Court denied on October 28, 1999. (D.I. 1, Exh. A, Dkt. Entry Nos. 31, 33) Petitioner filed a second motion for modification of sentence on December 14, 1999, which the Superior Court denied on December 20, 1999. (D.I. 1, Exh. A, Dkt. Entry Nos. 38, 39) On October 3, 2000, petitioner filed a motion for reduction/modification of sentence, which was denied on October 26. 2000. (D.I. 1, Exh. A, Dkt. Entry Nos. 42, 45)

In 2002, petitioner was convicted of a separate set of drug charges and sentenced to fifteen (15) years at Level V. *See Morris v. State*, 832 A.2d 1251 (Table), 2003 WL 22097056 (Del. Sept. 8, 2003). As a result of the 2002 conviction, petitioner was also found to have violated his probation in the instant case, for which he was

sentenced to seven (7) years at Level V (with credit for two (2) years and 142 days previously served), suspended after three (3) years for probation. (D.I. 1 at 1)

On December 29, 2009, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *State v. Morris*, 2010 WL 334858 (Del. Super. Jan. 5, 2010). The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision on June 1, 2010. *See Morris v. State*, 996 A.2d 794 (Table), 2010 WL 2183492 (Del. June 1, 2010).

Petitioner's pending § 2254 application, dated October 11, 2010, challenges his 1999 conviction, and asserts the following two claims: (1) the Delaware Superior Court lacked jurisdiction to convict him because his Family Court amenability hearing was improperly waived; and (2) defense counsel provided ineffective assistance with respect to his amenability hearing waiver. In lieu of an answer, the State filed a motion to dismiss the application as time-barred under 28 U.S.C. § 2244(d). (D.I. 13) Petitioner filed a motion asking the court to strike the State's motion to dismiss, and a motion for a default judgment. (D.I. 15; D.I. 16) The application is ready for review.

### III. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and it prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's § 2254 application, dated October 2010, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Petitioner does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B) or (C). Therefore, the one-year period of limitations began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced petitioner on August 13, 1999, and he did not appeal. Therefore, petitioner's conviction became final on September 13, 1999.[1] *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal). Accordingly, to comply with the one-year limitations period, petitioner had to file his § 2254 application by September 13, 2000. *See Wilson*

---

[1] Because last day of the appeal period actually fell on Sunday, September 12, 1999, the appeal period extended through Monday, September 13, 1999. Del. Supr. Ct. R. 11(a).

v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

Petitioner did not file the instant application until October 11, 2010,[2] more than ten (10) years after the expiration of AEDPA's limitations period. Thus, the instant habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. See Holland v. Florida, 130 S.Ct. 2549 (2010); Jones, 195 F.3d at 158. The court will discuss each doctrine in turn.

### A. Statutory tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the action is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. See Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir. 2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002). In this case, when petitioner filed his first motion for modification of sentence on October 15, 1999, thirty one (31) days of the limitations period had already lapsed.[3] The Superior Court denied the motion on October 28, 1999, and petitioner did

---

[2]Pursuant to the prison mailbox rule, a pro se prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003); Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002)(date on petition is presumptive date of mailing and, thus, of filing). Applying this rule to the instant case, the court adopts October 11, 2010 as the date of filing because that is the date on petitioner's application.

[3]In the past, the court would have followed the analysis articulated by the Third Circuit in Hartmann v. Carroll, 492 F.3d 478 (3d Cir. 2007) requiring a determination as to whether petitioner's three motions for modification and/or reduction of sentence were filed pursuant to Rule 35(a) or Rule 35(b); according to Hartmann, a Rule 35(a) motion

4

not appeal that decision. Therefore, after including the thirty (30) day appeal period in the tolling calculation, the first motion for modification of sentence tolled the limitations period through November 29, 1999.[4]

The limitations clock started to run again on November 30, 1999, and ran another fourteen (14) days until petitioner filed his second motion for modification of sentence on December 14, 1999. The Superior Court denied the motion on December 20, 1999, and petitioner did not appeal that decision. Therefore, after including the thirty (30) day appeal period in the tolling calculation, the second motion for

---

alleging some illegality in sentencing or conviction triggers statutory tolling under § 2244(d)(2), whereas a Rule 35(b) motion seeking a modification of sentence purely on leniency grounds does not trigger statutory tolling. *Id.* at 482. However, the United States Supreme Court recently held that a post-conviction motion to reduce sentence filed under Rhode Island law triggers statutory tolling under § 2244(d)(2) because the motion is not part of the direct review process and requires the state court to reexamine the appropriateness of the prisoner's sentence. *Wall v. Kohli*, __ U.S. __, 131 S.Ct. 1278, 1286-87 (2011). In reaching this decision, the Supreme Court defined the term "collateral review" as "judicial reexamination of a judgment or claim in a proceeding outside of the direct review process." *Id.* at 1285. The *Wall* Court also expressly rejected the type of bifurcated analysis articulated by the Third Circuit in *Hartmann* (and by other circuit courts) requiring a habeas court to separate motions to reduce sentence into two categories: "those that challenge a sentence on legal grounds and those that merely ask for leniency." *Wall*, 131 S.Ct. at 1288.

The court notes that the Third Circuit has not had an opportunity to review Delaware's sentence modification/reduction of sentence procedure after *Wall*. In turn, the court's knowledge regarding petitioner's motions for modification and/or reduction of sentence is limited to the barebones information stated on the Delaware Superior Court Criminal Docket, because the State's motion to dismiss neglects to mention the existence of these motions. Nevertheless, after applying the reasoning set forth in *Wall*, and given the fact that the application is untimely with or without any statutory tolling triggered by petitioner's three motions, the court will assume that the three motions trigger statutory tolling.

[4]The last day of the thirty (30) day appeal period fell on Saturday, November 27, 1999. Therefore, the appeal period extended through Monday, November 29, 1999. *See* Del. Supr. Ct. R. 11(a).

5

modification of sentence tolled the limitations period through January 19, 2000.

The limitations clock started to run again on January 20, 2000, and ran a total of 255 days until petitioner filed his third motion for reduction/modification of sentence on October 3, 2000. The Superior Court denied the third motion on October 26, 2000, and petitioner did not appeal that decision. Consequently, the third motion tolled the limitations period through November 27, 2000.[5] The limitations clock started to run again on November 28, 2000, and ran without interruption until it expired on January 31, 2001.[6] Accordingly, the application is time-barred unless equitable tolling is available.

## B. Equitable tolling

AEDPA's limitations period may also be tolled for equitable reasons. *Holland*, 130 S.Ct. 2549. However, a petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing;"[7] mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has identified three situations in which equitable tolling may be warranted:

---

[5]The last day of the thirty (30) day appeal period fell on Saturday, November 25, 2000. Therefore, the appeal period extended through Monday, November 27, 2000. *See* Del. Supr. Ct. R. 11(a).

[6]Consequently, petitioner's Rule 61 motion, filed on December 29, 2009, has no statutory tolling effect because it was filed well-after the expiration of AEDPA's one-year limitations period.

[7]*Holland*, 130 S.Ct. at 2562

6

(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; Miller v. New Jersey State Dept. of Corr., 145 F.3d 616 (3d Cir. 1998).

The court concludes that equitable tolling is not warranted in this case. Petitioner does not allege, and the court cannot discern, that he was actively misled, that he timely but mistakenly asserted his rights in the wrong forum, or that any extraordinary circumstances prevented him from filing the instant application in a timely fashion. Moreover, to the extent petitioner made a mistake or miscalculation regarding the one-year filing period, that mistake does not warrant equitably tolling the limitations period. See Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002). Accordingly, the court will dismiss petitioner's habeas application as untimely.

### C. Pending Motions

Petitioner has filed a motion asking the court to strike the State's motion to dismiss, contending that the State was required to file an answer. (D.I. 15) Petitioner has also filed a motion requesting a default judgment because the State filed a motion to dismiss in lieu of an answer. (D.I. 16) Having already concluded that the application is time-barred, the court will deny these motions as moot.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2 (2008). A certificate of appealability is appropriate when a petitioner makes a

"substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.